**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUBER CARLON AMBROCIO and
MARICELA HERNANDEZ-NOLASCO,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-73224

Agency Nos.    A076-367-607
A076-367-608

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2019**

Before:    TROTT, SILVERMAN and TALLMAN, Circuit Judges.

Maricela Hernandez-Nolasco ("Maricela" or "petitioner") entered the United

States illegally during June 1988. The Department of Homeland Security ("DHS")

discovered her illegal presence nine years later, in June of 1997. During asylum

proceedings, Maricela requested cancellation of removal when her husband, Huber

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carlon Ambrocio ("Huber"), withdrew his asylum application in which she was a derivative beneficiary, or rider, pursuant to 8 U.S.C. § 1158(b)(3). Petitioner's opening brief explained the reason for withdrawing their asylum application was that they did not believe they could make an effective claim for such relief at that time.

On June 12, 1998, an immigration judge denied their application for cancellation of removal. The Board of Immigration Appeals ("BIA") dismissed their appeal in a final order dated March 9, 2000. We denied their petition for review on June 18, 2002.

Fifteen years later, on April 12, 2017, Maricela filed with the BIA a motion to reopen. The motion indicated that Huber had been deported to Mexico but that she had been able to remain here due to stays of removal granted by the DHS.[1] A new asylum application accompanied her motion to reopen. For various reasons, the BIA denied her motion, concluding *inter alia* that she had failed to demonstrate "materially changed circumstances" which might excuse the untimeliness of her request, and that she had not demonstrated *prima facie* eligibility for the relief she sought. *See INS v. Doherty*, 502 U.S. 314, 323 (1992). The BIA issued its final

---

[1] Huber is listed as a party to this petition, but he did not submit his own asylum application with Maricela's, he was not included as a rider on her application, and he has not asserted any claims on his own or offered any evidence on his behalf. Therefore, we grant the government's motion to dismiss him from this petition. **[Dkt. No. 15]**

order of removal on November 28, 2017.

As to petitioner's claims based on her status as (1) a Mexican returnee, (2) her membership in the social group of business owners and their families, and (3) her opposition to gangs or drug cartels, the BIA did not abuse its discretion in determining that she failed to establish *prima facie* eligibility for asylum or withholding of removal. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA can deny a motion to reopen for failure to establish *prima facie* eligibility for the relief sought); *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) (stating standards for asylum and withholding of removal); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) ("returning Mexicans from the United States" is too broad to qualify as a cognizable social group); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We reject petitioner's contention that the BIA failed to make a case-specific assessment of these claims.

With respect to petitioner's claim based on an increase in violence against women, the BIA did not abuse its discretion by finding that Maricela had not established materially changed country conditions in Mexico sufficient to qualify for the regulatory exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). As the BIA noted, Maricela relied "primarily [but

not exclusively] on an article describing gang related violence, which notes that between 2007 and 2012, total murders rose 112 percent and that most murders are young men, but that the percentage of women killed between 2007 and 2012 rose 155% to 2,764 . . . ." The BIA dismissed her argument because "this article does not demonstrate changed country conditions or circumstances material to the respondent's claim of persecution as a member of a particular group of Mexican women who are abused because they are women." The BIA cited official Country Reports for the proposition that violence against women was a serious unreported problem in 2000, and it concluded that "[w]hile the respondent describes general conditions in Mexico, she does not demonstrate that her situation is appreciably different from the dangers faced by society in general. Therefore, she has not presented sufficient evidence establishing materially changed circumstances." In so concluding based on the record, the BIA neither ignored her evidence nor abused its considerable discretion.

In her opening brief, petitioner does not challenge the BIA's denial of her motion to reopen to pursue CAT relief or under the agency's *sua sponte* authority. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

17-73224